# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EMMA ANGLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| JOSEPH HAND, an individual; the CITY OF SEMMES, ALABAMA; and THE SEMMES POLICE DEPARTMENT, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Emma Angles complains of Defendants, Officer Joseph Hand, City of Semmes, Alabama, and The City of Semmes Police Department, as follows:

1. Emma Angles is an adult resident citizen of Moss Point (Jackson County), Mississippi. Ms. Angles was born on September 9, 2004.

2. Defendant Joseph Hand (hereinafter, "Officer Hand") was employed as a police officer by the City of Semmes and/or the Semmes Police Department at all times relevant to the allegations in this complaint. Officer Hand is an adult resident citizen of the State of Alabama and is sued in his individual capacity only.

3. Defendant City of Semmes, Alabama (hereinafter, the "City") is a municipal corporation in Mobile County, Alabama, organized under the laws of the State of Alabama, and is responsible for the acts of its police force.

4. Defendant Semmes Police Department (hereinafter, "Semmes Police Department") is a department and/or municipal agency within the City of Semmes that was

1

responsible for the acts of its police force and for maintaining a safe environment while protecting local citizens.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action because Plaintiff's claims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

6. Federal jurisdiction additionally exists pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and both Defendants, and the amount in controversy exceeds $75,000. At all material times, Plaintiff was a resident citizen of Mississippi whereas Officer Hand, the City, and Semmes Police Department are citizens of Alabama. The amount in controversy exceeds $75,000, exclusive of interest and costs, because the underlying incident involved a catastrophic motor vehicle accident that permanently rendered Plaintiff a quadriplegic in need of full time care for the rest of her life.

7. This Court has supplemental or pendent jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims arise out of the same underlying motor vehicle collision and form part of the same case or controversy as her federal law claims.

8. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and the event and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## **FACTS**

9. On or about April 27, 2024, at approximately 1:00 a.m., Plaintiff Emma Angles was the front-seat passenger of a vehicle driven by her brother, Ian Scott Angles, within Semmes city limits. On said date and time, Officer Hand was on duty for the Semmes Police Department and driving his police cruiser when he estimated that Plaintiff's brother was driving above the posted speed limit. At all times, Officer Hand was wearing his Semmes Police Department uniform and Plaintiff remained seated in the front passenger seat of the vehicle being driven by her brother.

10. Officer Hand activated his patrol car's blue lights and sirens to initiate a traffic stop on Schillinger Road near its intersection with Moffett Road in Semmes (Mobile County), Alabama.

11. After Officer Hand activated his lights and sirens, Plaintiff's brother began driving the vehicle at a higher rate of speed and eventually ran a red light. The Angles' vehicle turned west onto Moffett Road (Highway 98) and Officer Hand's cruise was followed by a patrol car driven by accompanying Officer Bosarge. Officer Hand subsequently reported the civilian vehicle occupied by Plaintiff was traveling in excess of 100 miles per hour while he was in pursuit. The chase continued west on Highway 98 through the town of Wilmer (Mobile County), Alabama and continued west towards the Mississippi line with speeds reaching 126 miles per hour.

12. Alabama law prohibits police officers from operating police cruisers at excessively high speeds when doing so endangers life or property.

13. As the Angles' vehicle began approaching the Mississippi state line, Officer Hand's supervisor, Sergeant Moore, began communicating with Officer Hand over the radio

and advised that the pursuit should be terminated if it entered Mississippi's jurisdiction. Officer Hand's patrol car was still situated behind the Plaintiff's when he received the command to stop pursuit.

14. Upon information and belief, Officer Hand initiated a Precision Immobilization Technique ("PIT") maneuver by striking the rear bumper of Plaintiff's vehicle from behind. Officer Hand's PIT maneuver caused Plaintiff's vehicle to exit the roadway, flip several times, enter a ravine off the roadway, and come to rest in the median of Highway 158 near it's intersection with Highway 98. The chase had continued for over 10 miles at speeds over 100 mph from the point it was first initiated until the Angles' vehicle came to a final point of rest.

15. Officer Hand pursued the Angles' vehicle for more than 10 miles, during which Officer Hand deliberately traveled above 100 miles per hour. Officer Hand deliberately caused his cruiser to strike the Angles' vehicle when there was no suspicion of any unlawful activity other than speeding. The 2003 Chevrolet Impala had a Mississippi tag that was registered to Ms. Angles who has a clean driving record and no criminal record. Officer Hand continued the chase despite orders to stop pursuit as the Angles' vehicle was approaching Misissisippi's jurisdiction.

16. Officer Hand's PIT maneveur to the Angles' vehicle occurred at the intersection of Highway 98 and Highway 158, within several hundred feet of the Mississippi state line. The roadway where the PIT manuver occurred was bordered by a deep ravine which made it impossible for a vehicle to come to a controlled rest if it left the roadway.

17. Officer Hand acted deliberately by executing a high-speed PIT manuever near that ravine, knowing that it would cause serious injury to the occupants of the Angles' vehicle.

18. The Semmes Police Department and/or its officers or policymakers never completed a Uniform Traffic Accident Crash Incident Report related to the accident that rendered Plaintiff a quadriplegic.

19. When Officer Hand and Officer Bosarge went to detain the occupants of the Angles' vehicle, Plaintiff was unresponsive and had to be extracted from the front passenger seat for emergency care. Plaintiff was then life flighted via helicopter to University of South Alabama Medical Center for treatment.

20. Plaintiff was in critical condition once transported and was ultimately diagnosed with, among other things, numerous fractures in her skull, face, and vertebrae; multiple lacerations; cerebral edema; neurogenic shock; and quadriplegia.

21. Officer Hand spoke with Plaintiff's grandparents at the hospital but never mentioned a PIT maneuver being executed to subdue the Angles' vehicle. Plaintiff's grandparents were then greeted separately by Sergeant Moore, outside the presence of Officer Hand. Upon information and belief, Sergeant Moore spoke to the grandparents about an authorized PIT maneuver being executed to stop Plaintiff's vehicle.

22. Prior to this incident, the City, the Semmes Police Department, and/or Semmes municipal officials and policymakers were aware of an on-duty incident involving Officer Hand when he was an officer for another municipal police department situated in Mobile County. Specifically, Officer Hand was a police officer for the

City of Chickasaw in 2021 when he struck and killed an innocent motorist while responding to a call involving a disorderly person. Upon information and belief, Officer Hand traveled at an outrageously high rate of speed and caused the individual's death, who had nothing to do with the call received. *See West v. City of Chickasaw, et al.*, Circuit Court of Mobile County, CV-2022-901248. Officer Hand was criminally indicted for the conduct giving rise to the death of this motorist. *See State of Alabama v. Joseph Mitchell Hand*, Criminal Court of Mobile County, CC-2022-000782.00.

23. Additionally, upon information and belief, on or about June 26, 2020, Officer Hand was a police officer with the City of Chickasaw, Alabama, when he engaged in a high-speed pursuit of an individual despite being instructed to terminate the chase to allow another municipality to take over. Instead of complying with that command, Officer Hand continued the pursuit into the police jurisdiction of Saraland, Alabama, and eventually crashed into the other officer's cruiser at a high rate of speed with a significant impact. (*See* Crash Report Case Number 0661297 / Local Case Number 200626011A).

24. The City, the Semmes Police Department, and/or other municipal officers and policymakers were on notice of these prior incidents involving Officer Hand and were therefore aware of Officer Hand's propensity to recklessly operate police cruisers, engage in unwarranted high-speed pursuits, ignore commands from superior officers, and endanger the general public while on duty. As such, the City, the Semmes Police Department, and/or other municipal officers and policymakers knew or should have known that Officer Hand was highly likely to cause serious

injury and/or death by negligently and/or recklessly operating his police cruiser and acted with deliberate indifference to this risk in hiring and/or retaining Officer Hand.

25. The City, the Semmes Police Department, and/or other municipal officers and policymakers were aware in real time that officer Hand was pursuing the civilian vehicle occupied by Emma Angles for over 10 miles at speeds of over 100 mph and/or that Officer Hand would execute the PIT manuver.

26. Upon information and belief, Officer Hand has given sworn testimony related to this matter that a PIT maneuver was never initiated because it is not allowed per Semmes Police Department official policies. Upon information and belief, Officer Hand instead testified that Plaintiff's vehicle took a 90-degree left turn that caused the vehicle to crash and the pursuit ended.

27. Upon information and belief, there were strike marks on the rear bumper of Plaintiff's vehicle indicating that a PIT maneuver was performed just prior to the crash.

28. The foregoing acts, omissions, systematic failures, and deficiencies are policies and customs of the City and Semmes Police Department caused their police officers in the Department to believe that constitutional violations would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would violate the constitutional rights of Plaintiff and other similarly situated citizens.

29. As a proximate result of the tortious acts and constitutional violations by Defendants described herein, Plaintiff Emma Angles suffered the following catastrophic injuries and damages: serious, permanent bodily injuries, including a spinal fracture; she is

quadriplegic, she is bedridden and has developed painful ulcers to her body; she requires assistance with basic human needs; she has been caused to undergo medical treatment and incur costs for said treatment, and will be caused to incur additional medical treatment and costs in the future; she is permanently injured; she has suffered, still so suffers, and will suffer in the future physical deprivation of her lower extremities; she has suffered, still suffers, and will suffer in the future mental anguish and distress; and her injuries have caused her to be deprived of much enjoyment of her life and will so deprive her in the future.

### COUNT 1 – 42 U.S.C. § 1983- OFFICER HAND ONLY

30. Officer Hand's conduct in detaining Plaintiff and executing an unauthorized PIT maneuver to secure her person constituted a deprivation of Plaintiff's Due Process rights under the Fourteenth Amendment to the United States Constitution.

31. Officer Hand's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourteenth Amendment to the UniED States Constitution.

32. As a result of Officer Hand's violations of Plaintiff's constitutional rights, Plaintiff suffered the serious and permanent injuries and damages described above.

33. Officer Hand acted with malice or reckless indifference to Plaintiff's constitutional rights.

### COUNT II – 42 U.S.C. § 1983- OFFICER HAND ONLY

34. Officer Hand caused harm to Plaintiff which was foreseeable and fairly direct.

35. Officer Hand acted with a degree of culpability that shocks the conscience.

36. The relationship between Officer Hand and Plaintiff – police officer and innocent passenger of a civilian vehicle being pursued – was such that Plaintiff was a foreseeable victim of Officer Hand's acts, as opposed to a member of the public in general.

37. Officer Hand affirmatively used his authority in a way that created a danger to Plaintiff or that rendered Plaintiff more vulnerable to danger than had Officer Hand not acted at all.

38. Officer Hand's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

39. As a result of Officer Hand's violations of Plaintiff's constitutional rights, Plaintiff suffered the serious and permanent injuries and damages described above.

40. Officer Hand acted with malice or reckless indifference to Plaintiff's constitutional rights.

## COUNT III– STATE LAW- ASSAULT- OFFICER HAND ONLY

41. Officer Hand intended to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with her body.

42. As a result of Officer Hand's actions, Plaintiff was put in reasonable and immediate apprehension of such contact.

43. As a result of Officer Hand's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.

## COUNT IV– STATE LAW- BATTERY- OFFICER HAND ONLY

44. Officer Hand committed the acts described above with the intent to cause a harmful or offensive contact with her body and/or with the intent to put Plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with her body.

45. As a result of Officer Hand's actions, directly and indirectly, defendant had harmful and/or offensive contact with Plaintiff's body.

46. As a result of Officer Hand's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.

## COUNT V- STATE LAW- NEGLIGENCE- OFFICER HAND ONLY

47. Officer Hand breached a duty to Plaintiff when he negliglently caused his cruiser to strike the Angles' vehicle, causing it to flip several times and resulting in Plaintiff's injuries.

48. Officer Hand acted negligently by continuing pursuit at excessive speeds and by executing a PIT manuver on the Angles' vehicle.

49. As a result of Officer Hand's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.

## COUNT VI- STATE LAW- WANTONNESS- OFFICER HAND ONLY

50. Officer Hand had a duty under the circumstances to not endanger the life of Plaintiff during the police pursuit described above.

51. Officer Hand acted recklessly or wantonly by driving at excessive speeds and executing an unauthorized PIT manuever to the Angles' vehicle, causing it to flip several times and resulting in Plaintiff's injuries.

52. As a result of Officer Hand's conduct, Plaintiff suffered the serious and permanent injuries and damages described above. In addition, Plaintiff seeks punitive damages.

**COUNT VII- STATE LAW- OUTRAGEOUS CONDUCT- OFFICER HAND ONLY**

53. Officer Hand, by his extreme and outrageous conduct, intentionally or recklessly caused Plaintiff to suffer severe emotional distress and bodily harm.

54. As a result of Officer Hand's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.In addition, Plaintiff seeks punitive damages.

**COUNT VIII- 42 U.S.C. § 1983- THE CITY AND SEMMES POLICE DEPARTMENT**

55. Pursuant to the Fourteenth Amendment of the United States Constitution, Plaintiff is entitled to be free from a known and unreasonable risk of serious harm while occupying a vehicle being pursued by uniformed police officers.

56. The City of Semmes and/or Semmes Police Department failed to protect Plaintiff as required by the Fourteenth Amendment.

57. The City of Semmes and/or Semmes Police Department knew of and consciously disregarded the substantial risk that Plaintiff would be injured while occupying a vehicle being pursued and/or detained by Officer Hand, thereby failing to protect Plaintiff from harm.

58. The City of Semmes and/or Semmes Police Department, after having been placed on notice of a pattern of misconduct throughout the Semmes Police Department and by Officer Hand in particular, acted with deliberate indifference to the risk to Plaintiff and failed and/or refused to discipline or prevent explicitly unauthorized conduct on traffic stops.

59. The misconduct described in this count was objectively unreasonable and undertaken with deliberate indifference, malice, willfulness, and/or reckless indifference to the rights of Plaintiff and others.

60. As a result of the City of Semmes' and/or the Semmes Polce Department's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.

## COUNT IX- 42 U.S.C. § 1983- THE CITY AND SEMMES POLICE DEPARTMENT

61. The City of Semmes and/or Semmes Police Department, after having been placed on notice of a pattern of Officer Hand's unlawful violence towards citizens while he operated his police cruiser on prior occasions, acted with deliberate indifference or conscious disregard of a known or obvious risk that a constitutional violation would be committed when it hired Officer Hand.

62. The City of Semmes and/or Semmes Police Department, as a matter of policy and practice and with deliberate indifference to the constitutional rights of Plaintiff and other citizens, failed to properly train, assign, and supervise Officer Hand and Plaintiff was permanently injured as a result.

63. As a result of the City of Semmes' and/or the Semmes Police Department's conduct, Plaintiff suffered the serious and permanent injuries and damages described above.

## RELIEF SOUGHT

64. As relief, Plaintiff Emma Angles seeks the following:

   a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   b. That plaintiff be awarded against the individual defendant only such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

      c.      That plaintiff be awarded prejudgment and post-judgment interest at the highest rates allowed by law;

      d.      That plaintiff be awarded the costs of this action, plaintiff's reasonable attorney's fees, and plaintiff's reasonable expert witness fees;

      e.      That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: February 28, 2025.**

### PLAINTIFF DEMANDS TRIAL BY JURY.

**TOBIAS & COMER LAW**
Attorneys for Plaintiffs
BY: *s/Desmond V. Tobias*
DESMOND V. TOBIAS (TOBID0094)
LACEY D. SMITH
1203 Dauphin Street
Mobile, Alabama 36604
Telephone: (251) 432-5001
Facsimile: (251) 432-0714
desi@tobiascomerlaw.com

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

| | |
|---|---|
| **JOSEPH HAND**<br>c/o Kandice Bowling – City Clerk<br>P.O. Box 1757<br>Semmes, AL 36575 | *VIA CERTIFIED MAIL*<br>*RETURN RECEIPT REQUESTED* |
| **CITY OF SEMMES**<br>c/o Kandice Bowling – City Clerk<br>P.O. Box 1757<br>Semmes, AL 36575 | *VIA CERTIFIED MAIL*<br>*RETURN RECEIPT REQUESTED* |
| **SEMMES POLICE DEPARTMENT**<br>c/o Kandice Bowling – City Clerk<br>P.O. Box 1757<br>Semmes, AL 36575 | *VIA CERTIFIED MAIL*<br>*RETURN RECEIPT REQUESTED* |